**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ELIZABETH TAYLOR, AUBREY ARPIE, KIMBERLY FULLER and PAULA ROBICHAUD, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>BETH ISRAEL DEACONESS HOSPITAL - PLYMOUTH, INC.,<br>MERCY MEDICAL GROUP, INC.,<br>TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC.,<br>and HEYWOOD HEALTHCARE, INC.,<br><br>Defendants. | Case No. _____________<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Elizabeth Taylor, Aubrey Arpie, Kimberly Fuller, and Paula Robichaud (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated (the "Collective" or "Collective Members"), bring this action against Defendants Beth Israel Deaconess Hospital - Plymouth, Inc., Mercy Medical Group, Inc., Trinity Health of New England Corporation, Inc., and Heywood Healthcare, Inc. (collectively, "Defendants"), seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiffs allege the following based on personal knowledge, the investigation of counsel, and information and belief.

## NATURE OF THE ACTION

1. Plaintiffs and Collective Members are hourly employees who did not receive the full amount of wages in a timely fashion as a result of a data breach on or around December 11, 2021 ("Kronos Outage"). On that date, and possibly on others, Defendants were unable to access

their workforce management software application they used to process payroll and store data of Plaintiffs and other individuals.

2. Plaintiffs and others similarly situated are employees who were not exempt from overtime under the FLSA, were not paid owed minimum wages and/or for all overtime hours worked, and/or were not paid owed minimum wages or their proper overtime premium on time, if at all, for all regular hours and overtime hours worked during and after the Kronos Outage.

3. Specifically, Defendants instituted a "payment freeze" for all hourly employees, such that the pay for each pay period following that date was set arbitrarily to the period prior to the freeze, with limited exception.

4. Defendants have the resources to accurately track the hours worked by Plaintiffs and Collective Members. Defendants failed to undertake adequate analyses and testing of its systems, training of its personnel, and other data security measures to ensure vulnerabilities were avoided or remedied.

5. Plaintiffs bring this lawsuit on behalf of themselves and Collective Members who did not receive proper wage payment in a timely fashion due to the Kronos Outage to recover all available relief.

**PARTIES**

6. Defendant Beth Israel Deaconess Hospital – Plymouth, Inc. is a Massachusetts Corporation with its principal place of business at 275 Sandwich St., Plymouth, MA 02360.

7. Defendant Mercy Medical Group, Inc. is a Massachusetts Nonprofit Corporation with its principal place of business at 271 Carew St., Springfield, MA 01104.

8. Defendant Trinity Health of New England Corporation, Inc. is a Connecticut Corporation with its principal place of business at 114 Woodland St., Hartford, CT 06105.

9. Defendant Heywood Healthcare, Inc. is a Massachusetts Nonprofit Corporation with its principal place of business at 242 Green St., Gardner, MA 01440.

10. Plaintiff Elizabeth Taylor is a citizen of Massachusetts and a resident of Carver, Massachusetts. During the relevant time period, Ms. Taylor was an hourly employee at Beth Israel Deaconess Hospital – Plymouth, Inc.

11. Plaintiff Aubrey Arpie is a citizen of Massachusetts and a resident of Agawam, Massachusetts. During the relevant time period, Ms. Arpie was an hourly employee at Mercy Medical Group, Inc.

12. Plaintiff Kimberly Fuller is a citizen of Massachusetts and a resident of Westminster, Massachusetts. During the relevant time period, Ms. Fuller was an hourly employee at Heywood Healthcare, Inc.

13. Plaintiff Paula Robichaud is a citizen of Massachusetts and a resident of Gardner, Massachusetts. During the relevant time period, Ms. Robichaud was an hourly employee at Heywood Healthcare, Inc.

14. During the relevant time period, Plaintiffs did not receive the full amount of wage payments on their regular paydays and received either late or incorrect payments.

15. All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et seq*.

17. This Court has personal jurisdiction over Defendant Beth Israel Deaconess Hospital - Plymouth, Inc., because it maintains a headquarter in and has its principal place of business in Massachusetts.

18. This Court has personal jurisdiction over Defendant Mercy Medical Group, Inc., because it maintains a headquarter in and has its principal place of business in Massachusetts.

19. This Court has personal jurisdiction over Defendant Trinity Health of New England Corporation, Inc. because it has had systematic and continuous contacts with the State of Massachusetts. Trinity Health is registered to do business in Massachusetts with the Massachusetts Secretary of State. Trinity Health, through its operation of Mercy Medical Group, Inc., and its affiliated hospitals within Massachusetts, operates integrated health care delivery systems within Massachusetts.

20. This Court has personal jurisdiction over Defendant Heywood Healthcare, Inc., because it maintains a headquarter in and has its principal place of business in Massachusetts.

21. Venue is proper pursuant to 28 U.S.C. § 1391.

## LITIGATION HISTORY

22. Plaintiffs previously filed putative class actions against Defendants, bringing state statutory and common law tort claims in relation to the Kronos Outage, in the United States District Court, for The District of Massachusetts. See *Arpie v. UKG, Inc. et. al.*, 22-cv-30096; *Taylor v. UKG, Inc. et. al.*, 22-cv-11168; and *Fuller v. UKG, Inc., et. al.*, 22-cv-40082.

23. On September 15, 2022, the Court entered an order dismissing Plaintiffs' state wage law claims and statutory and common law tort claims.

24. Plaintiffs hereby bring this action on behalf of themselves and the proposed Collective, and against Defendants seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the FLSA.

## FACTUAL BACKGROUND

25. During the relevant time period, Ms. Taylor was an hourly employee at Beth Israel Deaconess Hospital – Plymouth, Inc.

26. During the relevant time period, Ms. Arpie was an hourly employee at Mercy Medical Group, Inc.

27. During the relevant time period, Ms. Fuller was an hourly employee at Heywood Healthcare, Inc.

28. During the relevant time period, Ms. Robichaud was an hourly employee at Heywood Healthcare, Inc.

29. During the relevant time period, Defendants employed hourly employees in numerous sectors of the health care industry throughout the state of Massachusetts.

30. Plaintiffs' principal job duties included, but were not limited to, providing care for Defendants' patients as registered nurses.

31. Plaintiffs were paid on an hourly basis.

32. Defendants regularly scheduled Plaintiffs' work hours.

33. Plaintiffs regularly reported their hours to Defendants, as instructed by Defendants.

34. Defendants regularly received reports indicating the hours worked by Plaintiffs.

35. On or about December 13, 2021, Defendants instituted a "payment freeze" for all hourly employees, such that the pay for each pay period following that date was set arbitrarily to the period prior to the freeze, with limited exception.

36. Defendants failed to pay Plaintiffs the full amount of wages to which they were entitled for all of their work time in a timely fashion.

37. Plaintiffs or Plaintiffs' representatives made numerous requests for payment of their wages in full, but these requests were denied.

38. Plaintiffs did not furnish their work gratuitously.

39. Plaintiffs worked with the expectation that they would be paid in full for all hours worked in a timely fashion.

40. Defendants did not expect Plaintiffs to perform any work for Defendants gratuitously.

41. Defendants set compensation policies for Plaintiffs and Collective Members. Defendants were responsible for ensuring that Plaintiffs and the Collective were properly paid each pay period. Defendants were also jointly responsible for the unlawful withholding of payments subsequent to the Kronos Outage.

42. UKG Inc. ("UKG") is a workforce management software company that provides Defendants with human resource services, including timekeeping and payroll services. Among the many products and services it offers, UKG provides software known as the "Kronos Private Cloud" and "UKG Workforce Central," which are time-keeping and payroll services.

43. Defendants used UKG's timekeeping system to track their employees' time worked, maintained time records and distributed payroll.

44. UKG suffered a ransomware attack and data breach on or around December 11, 2021, due to its lack of adequate security measures.

45. On December 13, 2021, UKG posted an announcement regarding the data breach on its website. The announcement confirmed a ransomware attack on UKG's Kronos Private Cloud. UKG confirmed that Kronos Private Cloud solutions were offline because of the attack.

46. Unable to access their timekeeping and payroll systems, Defendants failed to pay workers whose data was affected the correct amounts of wages in a timely fashion. To compound the matter, the timing of the inaccurate or late payments left workers worrying about these financial issues and data concerns during the holiday season, wondering if they could make ends meet and how long the problem would continue. Those worries proved concrete, as UKG took months to rectify its security problems, and its systems remained disabled for months after the Kronos Outage.

47. Specifically, on January 22, 2022, UKG posted an update to its website stating that "[b]etween January 4 and January 22, **all** affected customers in the Kronos Private Cloud were restored with safe and secure access to their core time, scheduling, and HR/payroll capabilities. "[1]

48. UKG's announcement failed to clarify that UKG's payroll services were still **not** fully operational. As a result, many employees' paychecks continued to be paid late, inaccurately, and/or not at all.

49. UKG confirmed as such on February 11, 2022, when it announced that only the first phase of the restoration process was complete and that many of Kronos Private Cloud applications, such as Citrix, Workforce Analytics, and non-production environments, were still offline.[2]

---

[1] *Status Update as of Jan 22, 2022*, UKG, https://www.ukg.com/KPCupdates/Archive (last visited Mar. 4, 2022) (emphasis in original).
[2] *Status Update as of Feb 11, 2022*, UKG, https://www.ukg.com/KPCupdates/Archive (last visited Mar. 4, 2022).

50. As a result of the Kronos Outage, Defendants, who use Kronos Private Cloud for workforce management to manage employee schedules, track hours, and determine payment, were unable to do so for an extended period of time. Defendants failed to properly compensate Plaintiffs and Collective Members in a timely fashion.

51. After the Kronos Outage, many employers, including Defendants, instituted a "payment freeze" for all hourly employees, such that the pay for each pay period following that date was set arbitrarily to a pay period before the freeze, with limited exceptions.[3]

52. As a result, Plaintiffs and Collective Members received payment for far fewer hours than they worked, and some were not paid at all.

53. Plaintiffs and all hourly employees of Defendants, at all times pertinent to the cause of action, were employed by Defendants, said employment is integral and indispensable to Defendants' operation of their healthcare system.

54. Defendants failed to pay Plaintiffs and others similarly situated the total amount of wages to which they were entitled for all of their work time in a timely fashion.

55. Defendants were responsible for ensuring that Plaintiffs and the Collective were properly paid each pay period.

56. Plaintiffs and Collective Members were not paid for the full amount of time they worked in one or more pay periods or in successive pay periods from approximately December 11, 2021, onward.

57. Plaintiffs, like all Collective Members, have lost time and expenses from mitigating the consequences of the delay in payment of their paychecks.

[3] Becky Sullivan, *Hackers disrupt payroll for thousands of employers – including hospitals*, NPR (Jan. 15, 2022), https://www.npr.org/2022/01/15/1072846933/kronos-hack-lawsuits.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiffs bring Causes of Action I as an "opt-in" collective action on behalf of Plaintiffs and similarly situated hourly employees of Defendants pursuant to 29 U.S.C. § 216(b).

59. Plaintiffs, individually and on behalf of similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay hourly employees the full amount of wage to which they are entitled for all of their work in a timely fashion.

60. The number and identity of other Plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential collective members may be notified of the pendency of this action via email.

61. Plaintiffs bring this action as a collective action on behalf of themselves and all hourly employees of Defendants who were employed during the Kronos Outage (the "Collective").

62. Plaintiffs and all of the hourly employees are similarly situated in that:

a. Their work has been controlled by Defendants;

b. They have worked as employees of Defendants;

c. They have been economically dependent on Defendants;

d. They regularly reported their hours to Defendants;

e. Defendants regularly received reports indicating the hours worked by Plaintiffs and hourly employees;

f. On or about December 13, 2021, Defendants instituted a "payment freeze" for all hourly employees, such that the pay for each pay period following the date was set arbitrarily to the period that pre-dated freeze, with a limited exception for lump sum partial payments of amounts due;

g. Defendants compensated Plaintiffs and many of the Collective Members through similar wage rates; and

h. Defendants failed and refused to pay them their full amount of wages.

63. Absent a collective action, many members of the proposed collective likely will not obtain redress for their injuries and Defendants will retain the proceeds of its rampant violations.

64. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the Collective.

65. Accordingly, the Collective of similarly situated plaintiffs should be certified as defined above and notice should be promptly sent.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Against Defendants On Behalf Of Plaintiffs And The Collective**
**(Fair Labor Standards Act, 29 U.S.C. §201 et seq.)**

66. Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

67. At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed and/or continues to employ "employee[s]," including Plaintiffs and each of the prospective Collective Members, who have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §203.

68. At all relevant times, each Defendant has had gross operating revenues in excess of $500,000.

69. The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

70. Plaintiffs and all Collective Members are entitled to compensation for all hours worked.

71. Plaintiffs and all Collective Members are entitled to be paid overtime compensation for all overtime hours worked.

72. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to compensate Plaintiffs and the Collective Members for work performed in a timely fashion.

73. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the Collective Members.

74. At all relevant times, work performed by Defendants' non-exempt hourly employees, including Plaintiffs and the Collective Members, was and continues to be required or permitted by Defendants, for the benefit of Defendants, and is directly related to such employees' principal employment with Defendants, and is an integral and indispensable part of such employees' employment with Defendants.

75. Defendants violated and continues to violate the FLSA, 29 U.S.C. §201 *et seq*., including 29 U.S.C. §§207(a)(1) and 215(a), by failing to pay Plaintiffs and Collective Members for all hours worked, and by failing to pay Plaintiffs and Collective Members at least one-and-a-half times

their regular rates of pay for all hours worked in excess of forty (40) in a workweek. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq*.

76. The FLSA also imposes specific employment record-keeping requirements, including accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective Collective Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §201 *et seq*., including 29 U.S.C. §§211(c) and 215(a).

77. As a result of Defendants' violations of law, Plaintiffs and Collective Members are entitled to recover from Defendants the amount of their unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), prejudgment interest, attorneys' fees, litigation expenses, and court costs, pursuant to 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective, respectfully requests that the Court grant relief against Defendants as follows:

A. Certifying this collective action pursuant to 29 U.S.C. § 216(b) and requiring notice thereto to be paid by Defendants;

B. Appointing Plaintiffs and their counsel to represent the Collective;

C. Adjudging and decreeing that Defendants have engaged in the conduct alleged herein;

D. For compensatory and liquidated damages;

E. For reimbursement, restitution, and disgorgement on certain causes of action;

F. For both pre- and post-judgment interest at the maximum allowable rate on any amounts awarded;

G. For costs of the proceedings herein;

H. For an Order awarding Plaintiffs and the Collective reasonable attorney's fees and expenses for the costs of this suit;

I. Trial by jury; and

J. For any and all such other and further relief that this Court may deem just and proper, including but not limited to punitive or exemplary damages.

Dated: January 3, 2024

Respectfully Submitted,

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**

By: *<u>/s/ D. Greg Blankinship</u>*
D. Greg Blankinship (BBO #655430)
Jeremiah Frei-Pearson (*pro hac vice* application forthcoming)
One North Broadway, Suite 900
White Plains, New York 10601
Tel.: (914) 298-3281
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com

*Attorneys for Plaintiffs and the Proposed Collective*